| **Wilmington Sav. Fund Socy., FSB v Washburn** |
|:---:|
| 2025 NY Slip Op 32202(U) |
| June 23, 2025 |
| Supreme Court, Nassau County |
| Docket Number: Index No. 608075/2022 |
| Judge: Lisa A. Cairo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
PRESENT: HON. LISA A. CAIRO, J.S.C.
-------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS OWNER TRUSTEE OF
CIM 2020-R1,

TRIAL/IAS PART 22

DECISION AND ORDER
ON MOTION

INDEX No. 608075/2022
MOTION Seq. No. 001, 002

Plaintiff,

-against-

JENNIFER G. WASHBURN A/K/A JENNIFER
WASHBURN, MARK E. WASHBURN A/K/A
MARK WASHBURN, CAPITAL ONE USA NA,
AMERICAN EXPRESS CENTURION BANK,
EAST VILLAGE GREEN ANIMAL HOSPITAL,
CALVALRY SPV I, LLC, "JOHN DOE" AND
"JANE DOE", said names being fictitious, it being
the intention of Plaintiff to designate any and all
occupants of premises being foreclosed herein,

Defendants.
-------------------------------------------------------------------X

| The following papers were read on this motion | DOCS NUMBERED |
|---|---|
| Notice of Motion, Affidavits, Affirmations, Exhibits, Memos Motion 001 | 36-55 |
| Notice of Motion, Affidavits, Affirmations, Exhibits, Memos Motion 002 | 57-67 |
| Opposition Papers | 69-70 |
| Reply Papers | 71-76 |

Upon the foregoing papers, the application interposed by WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF CIM 2020-R1, [hereinafter the Plaintiff] for an order granting summary judgment in its favor on the complaint, discontinuing the action solely against Jennifer G. Washburn A/K/A Jennifer Washburn, amending the caption and appointing a referee to compute, together with related relief (Seq. No. 001), and the cross motion interposed by the Defendant, Mark E. Washburn A/K/A Mark Washburn [hereinafter the Defendant] for an order dismissing the Plaintiff's complaint due to failure to comply with 24 CFR 203.604 and 203.606; or in the alternative, compelling the Plaintiff to respond to the Defendant's outstanding discovery demands pursuant to

1

[*1]

CPLR 3124 (Seq. No. 002), are consolidated for disposition and determined as set forth hereinafter.

On March 31, 2009, Jennifer G. Washburn (now deceased) and Mark E. Washburn executed a note in favor of the Plaintiff's predecessor in interest in connection to the property situated at 53 Ring Lane, Levittown, New York [hereinafter the subject premises] (*see* NYSCEF Doc. No. 2). Simultaneously therewith, Jennifer G. Washburn and Mark E. Washburn executed a mortgage referable to the subject premises as collateral for the debt evidenced by the note (*see* NYSCEF Doc. No. 3). The loan was modified as evidenced by the Loan Modification Agreement [hereinafter the Agreement] (*see* NYSCEF Doc. No. 5). The Defendant allegedly defaulted by failing to make the October 1, 2020, payment under the Agreement (NYSCEF Doc No. 1 at ¶13). As a consequence of said default, the Plaintiff filed a foreclosure action on June 21, 2022. On or about August 31, 2022, the Defendant filed an answer with counterclaims (*see* NYSCEF Doc No. 27).

The Plaintiff now moves for the relief requested above. It is well established that the proponent of a motion for summary judgment must demonstrate entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *see also Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The evidence will be construed in a light most favorable to the one moved against (*see Weiss v Garfield*, 21 AD2d 156 [3d Dept 1964]).

"A Plaintiff moving for summary judgment in an action to foreclose a mortgage establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Bank of Am., N.A. v Nicolosi*, 200 AD3d 1018 [2d Dept 2021]). "A Plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (*US Bank N.A. v Cusati*, 185 AD3d 870 [2d Dept 2020], citing *Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]). "'The Plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law'" (*U.S. Bank N.A. v Tesoriero*, 204 AD3d 1066 [2d Dept 2022], quoting *Bank of N.Y. Mellon v DeLoney*, 197 AD3d 548 [2d Dept 2021]). "A Plaintiff can establish a default 'by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form'" (*U.S. Bank N.A., v Cusati*, 185 AD3d 870 [2d Dept 2020] quoting *Bank of N.Y. Mellon, v DeLoney*, 197 AD3d 548 [2d Dept 2021]).

Having reviewed the record, the Court finds that the Plaintiff has established prima facie entitlement to judgment as a matter of law. Initially, the Plaintiff has established its standing to commence the within action by submitting a copy of the note, which was appended to the complaint at the time the action was commenced (*Ditech Fin., LLC v Naidu*, 198 AD3d 611, 613 [2d Dept 2021]). Additionally, the Plaintiff submits the affidavit of Janet Gioello of Fay Servicing, LLC, as attorney-in-fact for the Plaintiff, who avers that based upon a personal review of the relevant business records, the Defendant is in default. The burden has now shifted to the answering Defendant.

2

[* 2]

Rather than attempting to raise a triable issue of fact in opposition to the Plaintiff's motion, the Defendant cross moves for an order dismissing the action pursuant to 24 CFR 203.604 and 203.606; or in the alternative, compelling the Plaintiff to respond to the Defendant's outstanding discovery demands pursuant to CPLR 3124. Pursuant to 24 CFR 203.604 and 203.606, for mortgages that are insured by the FHA, "[t]he mortgagee must conduct a meeting with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid and at least 30 days before foreclosure is commenced". A reasonable effort to arrange a face-to-face meeting with the mortgagor shall include at a minimum, one letter sent to the mortgagor certified by the Postal Service as having been dispatched and at least one trip to see the mortgagor at the mortgaged property. In addition, the mortgagee must document that it has made at least one telephone call to the mortgagor for the purpose of trying to arrange a face-to-face meeting. The mortgagee may appoint an agent to perform its responsibilities under paragraph (b) of 24 CFR 203.604). A borrower whose note has been sold, however, no longer has access to the benefits associated with holding an FHA-insured mortgage (*Washington v. United States HUD*, 2019 U.S. Dist. LEXIS 127027, 2019 WL 5694102 [EDNY July 29, 2019]). Though it appears that this loan was initially insured by FHA, pursuant to the Affirmation in Opposition of Scott MacKintosh, Assistant Secretary of Fay Servicing, LLC, the mortgage insurance for the subject loan was terminated on January 16, 2014 (*see* NYSCEF Doc. No. 70). Since the default occurred October 1, 2020, which was after the mortgage was transferred and no longer insured, the Plaintiff was not required to conduct a meeting pursuant to 24 CFR 203.604 and 203.606 (*Washington v. United States HUD*, 2019 U.S. Dist. LEXIS 127027, 2017 WL 5694102 [EDNY July 29, 2019]).

In the alternative, the Defendant moves to compel the Plaintiff to respond to the Defendant's discovery demands. Pursuant to CPLR 3124; "If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response." Pursuant to the Uniform Rules for Trial Courts (22 NYCRR) § 202.20-f(a), "[t]o the maximum extent possible, discovery disputes should be resolved through informal procedures, such as conferences, as opposed to motion practice." "Absent exigent circumstances, prior to contacting the court regarding a disclosure dispute, counsel must first consult with one another in a good faith effort to resolve all disputes about disclosure. Such consultation must take place by an in-person or telephonic conference. In the event that a discovery dispute cannot be resolved other than through motion practice, each such discovery motion shall be supported by an affidavit or affirmation from counsel attesting to counsel having conducted an in-person or telephonic conference, setting forth the date and time of such conference, persons participating, and the length of time of the conference" (22 NYCRR § 202.20-f[b]). In the instant case, the Defendant failed to provide an affirmation of good faith, pursuant to 22 NYCRR § 202.7(a)(2), setting out any communications between the parties demonstrating a good faith effort to resolve the dispute or indicating good cause why no such communications occurred (*Lewis v Bartow*, 230 A.D.3d 750 [2d Dept 2024]). Further, in opposition to Plaintiff's motion for summary judgment, Defendant has failed to "demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the [opposing party's] knowledge and control" (*MTGLQ Inv'rs, L.P. v Tupper*, 228 AD3d 753 [2d Dept 2024]).

3

Upon the foregoing, it is hereby

**ORDERED** that the Plaintiff's motion for summary judgment, together with related relief (Seq. No. 001) is **granted**, and it is further

**ORDERED** that the Defendant's cross-motion for summary judgment dismissing the Plaintiff's complaint or in the alternative compelling the Plaintiff to respond to the Defendant's discovery demands (Seq. No. 002) is **denied** and it is further ordered that all of the affirmative defenses and counterclaims contained in the Defendant's answer are dismissed; and it is further

**ORDERED**, that the Clerk of Part 22 shall forward to the Foreclosure Clerk for review the proposed order uploaded as NYSCEF Doc. No. 54.

The foregoing constitutes the decision and order of this court. All applications not specifically addressed herein are denied.

Dated: Mineola, NY
June 23, 2025

ENTER:

HON. LISA A. CAIRO, J. S. C.

4

[* 4]